# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SACHA B. DAUGHERTY,                               Case No: 1:16-cv-898

                Plaintiff,                   Dlott, J.
v.                                                Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

## REPORT AND RECOMMENDATION

Plaintiff filed this Social Security appeal to challenge the Defendant's non-disability finding. *See* 42 U.S.C. §405(g). On September 8, 2017, the Court reversed the Commissioner's decision and remanded under sentence four of 42 U.S.C. §405(g). (Doc. 15).

Plaintiff filed a motion seeking attorney's fees and costs under the Equal Access for Justice Act ("EAJA"). On November 16, 2017, the parties filed a Stipulation to an award of fees and costs. (Doc. 18). The parties' stipulation suggests that, "if" counsel can verify that Plaintiff owes no pre-existing debt to the United States that is subject to offset, then Defendant will direct that the award be made payable to Plaintiff's attorney pursuant to the attorney's fee assignment signed by Plaintiff.

In *Kerr v. Com'r of Soc. Sec.*, 874 F.3d 926 (6th Cir. 2017), the Sixth Circuit recently held that under Circuit precedent,[1] the Supreme Court's decision in *Ratliff v. Astrue* 560 U.S. 586 (2010), and the Anti-Assignment Act ("AAA"), 31 U.S.C. § 3727, a district court may not honor a pre-existing assignment of an EAJA fee award that directs

---
[1] *See, e.g., Bryant v. Com'r*, 578 F.3d 443, 448 (6th Cir. 2009) and *Turner v. Com'r*, 680 F.3d 720, 722 (6th Cir. 2012).

payment to counsel, but instead must direct payment to the plaintiff. However, the Sixth Circuit also held that if in its discretion, "the government waives application of the AAA in EAJA cases," then payment to counsel would be permitted. *Id.*

Accordingly, it is **RECOMMENDED THAT** pursuant to the parties' stipulation (Doc. 18), Plaintiff be awarded the total sum of $4,400.00 in attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). **IT IS FURTHER RECOMMENDED THAT** Plaintiff's earlier motion for an award of fees for a greater amount (Doc. 17) be **DENIED AS MOOT**.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SACHA B. DAUGHERTY,  Case No: 1:16-cv-898

   Plaintiff,  Dlott, J.
v.  Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).